The case was submitted without argument.
This question has been much discussed in the Superior Courts, and it is time that the law should be understood by the *Page 431 
community, for I believe that no judgment has been passed in any case where the objection was taken. I have resolved in my mind the several arguments I have heard against indicting the man separately, but they do not satisfy me that the proceeding is wrong, or that any principle of justice or legal analogy is in danger of violation by it. (598)
The first proof in support of the indictment may be derived from the act itself, which provides "that the evidence of the person who may beparticeps criminis shall not be admitted to charge any defendant under this act." This contemplates a separate charge, because it speaks of a particepscriminis as contradistinguished from a defendant. If a joint indictment had been in the view of the Legislature, the provision would have been nugatory and superfluous; for then one defendant could not have been a witness against the other. 2 Campbell's N. P., 233.
Secondly. A separate charge is supported by the analogy of other cases. A judgment may be given against one defendant in a conspiracy before the other is tried. 1 Strange, 193. So one conspirator may be convicted after the other is dead. 2 Str., 1227. Persons have been tried and convicted of the crime against nature, though the agent was separately charged, and the offense could not have been committed without the concurrence of the patient. Republica v. Rocerts, 1 Dall., 124, is directly in point. The defendant was indicted separately for adultery. He was not, it is true, convicted of that offense, because it appeared that he was not married; and they have a notion there, different from what the books teach us, that both parties must be married in order to commit that crime; but judgment was given against him for fornication. Lastly, the reasoning of the Court, in De Costa v. Jones, Cowper, 736, manifestly shows that wherever a question arises upon a real matter of right, though the interest or feelings of third persons, not parties, may be affected by it, it shall be tried. The action in that case was held not to lie upon a voluntary wager upon the sex of a third person, not parties, may be affected by reasons, it tended to disturb his peace. But there is a wide difference between affecting the feelings of a third person by an idle wager, and by a grave inquiry into a public misdemeanor. The quiet of a man's mind should not be at the mercy of indifferent persons, to gratify their avarice or beguile their idleness; yet occasions arise when it must yield to the necessity of deciding civil and criminal rights. (599)